# United States Court of Appeals for the Federal Circuit

2006-7362

THOMAS C. MLECHICK, JR.,

Claimant-Appellee,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellant.

Sandra W. Wischow, Wright, Robinson, Osthimer & Tatum, of Richmond, Virginia, argued for claimant-appellee.

Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellant. With him on the brief were Peter D. Keisler, Acting Attorney General, and Jeanne E. Davidson, Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martie Adelman, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

# United States Court of Appeals for the Federal Circuit

2006-7362

THOMAS C. MLECHICK, JR.,

Claimant-Appellee,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellant.

_____

DECIDED:  October 4, 2007

_____

Before RADER and MOORE, Circuit Judges, and YEAKEL, District Judge.[*]

MOORE, Circuit Judge.

Gordon H. Mansfield, Acting Secretary of Veterans Affairs (Secretary), appeals the decision of the United States Court of Appeals for Veterans Claims (Veterans Court) to remand to the Board of Veterans Affairs (Board) for consideration of whether Mlechick was given proper notice under the Veterans Claims Assistance Act (VCAA), Pub. L. No. 102-40, 114 Stat. 2096.[1]  See Mlechick v. Nicholson, 21 Vet. App. 83, 2006 WL 2235234 (May 30, 2006) (unpublished).  We vacate the Veterans Court decision and remand for the court to take due account of the rule of prejudicial error.

_____

[*]    Honorable Lee Yeakel, District Judge, United States District Court for the Western District of Texas, sitting by designation.
[1]    The Veterans Court also remanded issues related to VA's duty to assist Mlechick in developing his claim.  That issue has not been presented to us on appeal.

BACKGROUND

Mlechick served on active duty from March 1973 until March 1975. Thereafter, he applied to Veterans Affairs (VA) seeking compensation for post traumatic stress disorder (PTSD) and hearing loss. VA initially denied his claim for PTSD and granted service connection for left ear hearing loss in September 1998. Although VA found that his hearing loss was service connected, VA concluded that it was noncompensable. VA reconsidered Mlechick's claim after receiving additional information and conducting further medical examination. After reconsideration, VA again denied service connection for PTSD and denied a compensable rating for the service connected hearing loss.

Mlechick appealed that decision to the Board. On appeal, the Board concluded that evidence gathered since VA's original decision in September of 1998 amounted to new and material evidence with respect to Mlechick's PTSD claim under 38 C.F.R. § 3.156(a) and ordered the regional office to reopen that claim; the Board also instructed VA to provide Mlechick with notice under 38 U.S.C. § 5103(a). With respect to Mlechick's hearing loss claim, however, the Board first concluded that VA complied with its duty under the VCAA to notify Mlechick of the information and evidence necessary to substantiate his claim by way of a March 2001 letter, a June 2001 VA regional office decision, and an April 2002 Statement of the Case. Addressing the merits of Mlechick's hearing loss claim, the Board concluded that a preponderance of the evidence did not support a rating. Therefore, the Board affirmed the Regional Office's denial of a compensable rating.

Mlechick appealed the Board's decision to the Veterans Court. The Veterans Court found that the Board, in its 2004 opinion, improperly aggregated pre- and post-

2

decisional notices to determine that VA had satisfied its notice obligations under the VCAA. Mlechick, 2006 WL 2235234 at *2. The Veterans Court determined that this was erroneous after our 2006 decision in Mayfield v. Nicholson, 444 F.3d 1328, 1333 (Fed. Cir. 2006). In its opinion, the Veterans Court stated:

> In determining that the notice provided to Mr. Mlechick was adequate, the Board impermissibly relied, at least in part, on documents that were not issued prior to the initial adjudication of Mr. Mlechick's claim by the agency of original jurisdiction and for the purpose of compliance with the Veterans Claims Assistance Act. The Court cannot and will not speculate regarding what the Board on remand would conclude concerning the adequacy of the notice in the absence of those documents and, as a consequence, the Court is not in a position to determine whether the Board's error was prejudicial. See 38 U.S.C. § 7261(b)(2); Daniels v. Brown, 9 Vet. 348, 353 (1996). Moreover, whether a claimant has received adequate notice "is an issue that should be addressed by the agency in the first instance, under the proper legal standard." Mayfield, 444 F.3d at 1335. It would therefore be improper for the Court to consider in the first instance whether any remaining documents, standing alone, are sufficient to satisfy VA's duty. The Court will therefore vacate the April 2004 Board decision and remand the matter for readjudication.

Mlechick, 2006 WL 2235234 at *2 (emphasis added).

The Secretary appeals. We have jurisdiction under 38 U.S.C. § 7292(c) (2006).

## DISCUSSION

### I.

Generally, we decline to entertain appeals from non-final orders, as the Veterans Court's remand order clearly is in this case. We have, however, made limited exceptions to entertain appeals from Veterans Court remand orders when (1) there is a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings, or (c) if reversed by this court, would render the remand proceedings unnecessary; (2) resolution of the legal issues adversely affects the party seeking review; and (3) there is a substantial risk that

3

2006-7362

the decision will not survive a remand, i.e., that the remand proceeding may moot the issue. Hayslip v. Principi, 364 F.3d 1321, 1324 (Fed. Cir. 2004) (citing Williams v. Principi, 275 F.3d 1361, 1364 (Fed. Cir. 2002)). These criteria are met in this case. First, our decision on appeal might render remand proceedings unnecessary. Second, the Secretary was adversely affected by the Veterans Court's alleged misinterpretation of the rule of prejudicial error—a legal issue. If, in fact, the Veterans Court misinterpreted the rule of prejudicial error, the Secretary "would be deprived of the right to an immediate resolution of" the VCAA notice question, presuming that VA can overcome the presumption of prejudice. Cf. Hayslip, 364 F.3d at 1324-25. Finally, there is a substantial risk the questions raised on appeal would be moot if the Board determines that there was a notice error. Thus, the Veterans Court's interpretation of the rule of prejudicial error may not survive for our review following remand. Therefore, we are satisfied that the Williams criteria for accepting jurisdiction over an appeal from a remand order are met here.

II.

Although we may accept jurisdiction over the remand order, the scope of our review of a Veterans Court decision is limited by statute. See 38 U.S.C. § 7292 (2006). Under section 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We review interpretation of statutes and regulations by the Veterans Court de novo. Smith v. Nicholson, 451 F.3d 1344, 1347 (Fed. Cir. 2006).

4

III.

The Secretary contends that the Veterans Court erred by refusing to consider the rule of prejudicial error. The Secretary states that the Veterans Court should not have remanded to the Board for a determination of whether an error was made. Rather, according to the Secretary, the Veterans Court should have assumed there was an error and proceeded to consider whether the alleged error was prejudicial. Citing Conway v. Principi, 353 F.3d 1369, 1374 (Fed. Cir. 2004), the Secretary argues that the Veterans Court abdicated its statutory duty to take due account of the rule of prejudicial error under 38 U.S.C. § 7261(b)(2). The Secretary also argues that the Veterans Court erred by concluding that our decision in Mayfield, 444 F.3d 1328, requires remand whenever the Board improperly combines pre- and post-decisional notices to find that VA had satisfied its notice obligations under the VCAA.

Mlechick argues that the Veterans Court properly remanded to the Board to make factual findings relating to the adequacy of the notice and on the question of prejudicial error in the first instance. According to Mlechick, the record before the Veterans Court was inadequate to permit it to make the requisite fact findings. Secondly, Mlechick invites this court to review the pre-decisional March 2001 letter and determine that that correspondence did not provide adequate notice under the VCAA. We decline Mlechick's invitation because we lack jurisdiction to apply the law to the facts. See 38 U.S.C. § 7292(d)(2)(B).

Turning to the merits of the legal arguments presented for our review, we agree with the Secretary that the Veterans Court's opinion makes it clear that it did not believe it could consider the rule of prejudicial error. See Mlechick, 2006 WL 2235234 at *2.

5

We further agree with the Secretary that the Veterans Court misinterpreted its statutory authority under 38 U.S.C. § 7261(b)(2). Recent decisions by this court have clarified the Veterans Court's responsibilities in taking due account of the rule of prejudicial error and have articulated how those responsibilities should be carried out with respect to alleged deficiencies in VA's notice to a veteran under the VCAA.

As we reiterated in Newhouse v. Nicholson, Congress requires the Veterans Court to take due account of the rule of prejudicial error in cases coming before it. See Newhouse v. Nicholson, -- F.3d --, 2007 WL 2285855 at *2 (Fed. Cir. Aug. 10, 2007) (citing Conway, 353 F.3d at 1375, which holds that it is error to refuse to take due account of the rule of prejudicial error). That statutory obligation permits the Veterans Court to go outside of the facts as found by the Board to determine whether an error was prejudicial by reviewing "the record of the proceedings before the Secretary and the Board." Newhouse, 2007 WL 2285855 at *2 (quoting 38 U.S.C. § 7261(b)(2)). Hence, the principles announced by the Supreme Court in Securities & Exchange Commission v. Chenery Corp., 332 U.S. 194, 196 (1947), are not violated when the Veterans Court makes a determination regarding prejudicial error in the first instance solely because Congress has specifically required that court to do so by statute. Newhouse, 2007 WL 2285855 at *2. Newhouse does not create any new exception to the Chenery doctrine, but rather gives effect to the choices Congress made in crafting the applicable judicial review provisions.

In Sanders v. Nicholson, 487 F.3d 881 (Fed. Cir. 2007), we addressed the question of how to apply the rule of prejudicial error when VA failed to provide adequate notice to the claimant under the VCAA. Id. We held that "VCAA notice errors should be

6

presumed prejudicial, requiring reversal unless the VA can show that the error did not affect the essential fairness of the adjudication." Id. at 889. To meet its burden, VA can demonstrate, for example, "(1) that any defect was cured by actual knowledge on the part of the claimant, (2) that a reasonable person could be expected to understand from the notice what was needed, or (3) that a benefit could not have been awarded as a matter of law." Id.

Given this framework, the Veterans Court should have first presumed that any inadequacies in the notice Mlechick received were prejudicial. See id. Next, the Veterans Court should have determined whether VA had overcome the presumption that the notice error was prejudicial by demonstrating that the "error did not affect the essential fairness of the adjudication." Id. In conducting this inquiry the Veterans Court can review the entire "record of the proceedings before the Secretary and the Board" in determining whether an error was nonprejudicial. Newhouse, 2007 WL 2285855 at *2; 38 U.S.C. § 7261(b)(2). Thus, the Veterans Court's inquiry should have included a review of the record to determine if VA had met its burden of showing that the notice error was nonprejudicial. This may have included, for example, determining whether any defect in the notice was cured by actual knowledge or whether a reasonable person could have determined from the notice that was given what evidence was needed and who was responsible for obtaining such evidence. See Sanders, 487 F.3d at 889.

Where, as in this case, the Board found that notice was satisfied by a combination of pre- and post-decisional documents, the Veterans Court cannot hold there is no error in the notice provided on the basis that the pre-decisional notice alone satisfies VA's notice obligations under the VCAA. This is precisely what our Mayfield

decision prohibits. 444 F.3d at 1334-35 (finding a violation of "the longstanding principle of administrative law that a court reviewing an agency decision generally may not sustain the agency's ruling on a ground different from that invoked by the agency"); see also Chenery, 332 U.S. at 196. The Veterans Court can, however, look at the pre-decisional documents and determine, according to Sanders, that the veteran had sufficient notice such that the error was not prejudicial.

Here, the Veterans Court erred when it refused to consider the rule of prejudicial error because "it [could not] and [would not] speculate regarding what the Board on remand would conclude concerning the adequacy of the notice in the absence of" the post-decisional documents. Mlechick, 2006 WL 2235234 at *2. In cases where VA has attempted to show the notice error was nonprejudicial, the Veterans Court should review the pre-decisional notices provided—not to determine whether those notices satisfy the requirements of the VCAA—but rather to determine if any differences between the notice given and the notice required by the VCAA "affect[ed] the fundamental fairness of the adjudication" being mindful that the burden is on VA to make such a showing. Sanders, 487 F.3d at 889. In light of the Sanders presumption, if the record does not include sufficient evidence for the VA to carry its burden, VA cannot rebut the presumption that the error was prejudicial and the Veterans Court must reverse and remand. Id.

IV.

The Veterans Court expressly refused to review the record to take due account of the rule of prejudicial error in this case. This constitutes legal error under our decision in Conway, 353 F.3d 1369. Therefore, we vacate the Veterans Court's remand

8

order and remand for a determination of whether any VA notice error was in fact prejudicial and, if necessary, for consideration of Mlechick's arguments relating to VA's duty to assist him in developing his claim.

<u>VACATED and REMANDED</u>

COSTS

Each party shall bear its own costs.

2006-7362