ORDER

SCHALL, Circuit Judge.
The Acting Secretary of Veterans Affairs moves to vacate the judgment of the United States Court of Appeals for Veterans Claims in Edingbourgh v. Nicholson, — Vet.App.-, No. 04-1227, 2006 WL 2107049 (Vet.App. July 13, 2006).
Ronald E. Edingbourgh appealed to the Court of Appeals for Veterans Claims from a May 30, 2006 decision of the Board of Veterans’ Appeals that, inter alia, determined Edingbourgh had received adequate notification of the evidence or information necessary to substantiate his claim as required by 38 U.S.C. § 5103(a) through receipt of various pre and post-decisional communications.
Having determined that the Board’s reliance on post-decisional communications was improper under Mayfield v. Nicholson, 444 F.3d 1328 (Fed.Cir.2006) and noting that it was uncertain whether the Board would have concluded that pre-decisional communications alone would have satisfied the Secretary’s section 5103(a) notice requirements, the Court of Appeals for Veterans Claims held that it was not in a position to determine whether the notice error was prejudicial. The court vacated and remanded for the Board to decide the issue in the first instance. The Secretary appealed, seeking review by this court.
On October 4, 2007, the court issued its decision in Mlechick v. Mansfield, 503 F.3d 1340 (Fed.Cir.2007). Mlechick held that the Court of Appeals for Veterans Claims cannot refuse to consider the rule of prejudicial error if the Board relied on both pre and post-decisional communications. Id. at 1345-46. Rather, in cases such as this, where the Secretary has attempted to show the notice error was nonprejudicial, the court should review the pre-decisional communications “to determine if any differences between the notice given and the notice required by [section 5103(a) ] ‘affected the fundamental fairness of the adjudication’ being mindful that the burden is on [the Secretary] to make such a showing.” Id. (citation omitted).
Accordingly,
IT IS ORDERED THAT:
(1) The Acting Secretary’s motion is granted. The judgment of the United States Court of Appeals for Veterans Claims is vacated and the case is remanded for further proceedings.
(2) Each side shall bear its own costs.