ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs responds to the court’s November 21, 2007 order and moves to vacate the judgment of the United States Court of Appeals for Veterans Claims in Westmoreland v. Nicholson, No. 04-0392, 2006 WL 1725930 (June 9, 2006), and remand for further proceedings. The Secretary states that Tucson V. Westmoreland does not oppose.
The Court of Appeals for Veterans Claims remanded to the Board of Veterans’ Appeals for a determination whether Westmoreland was given proper notice pursuant to the Veterans Claims Assistance Act without first determining whether any error was prejudicial. The Secretary appealed.
This appeal was stayed on the appellant’s motion pending a decision in Simmons v. Nicholson, 487 F.3d 892 (Fed.Cir. 2007). On November 21, 2007, the court directed the Secretary to respond how this appeal should proceed in view of this court’s decision in Simmons. In response, the Secretary moves to vacate the decision of the Court of Appeals for Veterans Claims and remand based on this court’s decision in Mlechick v. Mansfield, 503 F.3d 1340 (Fed.Cir.2007).
Mlechick held that the Court of Appeals for Veterans Claims cannot refuse to consider the rule of prejudicial error if the Board relied on both pre- and post-decisional communications. Id. at 1346. Rather, in cases such as this, where the Secretary has attempted to show the no *275 tice error was nonprejudicial, the court should review the pre-decisional communications “to determine if any differences between the notice given and the notice required by [section 5103(a) ] ‘affected the fundamental fairness of the adjudication’ being mindful that the burden is on [the Secretary] to make such a showing.” Id.
The Secretary states, “[t]his Court’s decision in Mleehick directly addresses the issued raised in this appeal.” Because this case involves the same issue as that decided in Mleehick, the court agrees that it is appropriate to vacate and remand.
Accordingly,
IT IS ORDERED THAT:
(1) The motion is granted. The judgment of the Court of Appeals for Veterans Claims is vacated and the case is remanded for further proceedings.
(2) Each side shall bear its own costs.