ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs responds to the court’s November 21, 2007 order and moves to vacate the United States Court of Appeals for Veterans Claims (CAVC)’s decision in Wilkins v. Nicholson, No. 04-0505 and remand this matter for the CAVC to take due account of the rule of prejudicial error. Laster Wilkins opposes. The Secretary replies.
Wilkins served on active duty in the U.S. Army from October 1968 to February 1970. In 1997, he filed an increased-disability rating claim for a service-connected ganglion cyst on his right wrist evaluated at 0% disabling. The regional office (RO) made an initial determination that Wilkens’s condition had not worsened since the effective date of service connection and his claim did not warrant an increased rating.
Wilkens appealed to the Board of Appeals for Veterans’ Claims. On appeal, the Board determined that Wilkens’s claim had been processed in accordance with the Secretary’s assistance and notification requirements pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), *921 Pub.L. No. 106-475, 114 Stat. 2096. Specifically, the Board determined that 38 U.S.C. § 5103(a) notice had been satisfied through the totality of notice provided in a preadjudicatory letter, the RO’s decision, and a Statement of the Case and Supplemental Statement of the Case issued after Wilkens had notified the RO of his disagreement with its initial decision. The Board also affirmed the RO’s determination that Wilkens had not demonstrated entitlement to a compensable disability rating.
Wilkens appealed to the CAVC, asserting, inter alia, that the Secretary had not satisfied his section 5103(a) notice requirements and that the Board had erred in finding to the contrary. In its June 9, 2006 opinion, the CAVC determined that the Board had impermissible aggregated predecisional and postdecisional communications in finding that section 5103(a) had been satisfied. The CAVC cited our decision in Mayfield v. Nicholson, 444 F.3d 1328, 1333 (Fed.Cir.2006) which held that the Secretary’s section 5103(a) notice requirements could only be met with communications issued prior to initial adjudication of a claim. Noting that it was unclear from the Board’s decision that the predecisional notice alone would have satisfied section 5103(a)’s notice requirements, the CAVC stated that it could not and would not speculate as to what the Board would do on remand and was therefore “not in a position to determine whether the Board’s error was prejudicial.” The CAVC vacated the Board’s decision and remanded for the Board to decide the issue in the first instance.
The Secretary appealed seeking review by this court. He now moves to vacate and remand the CAVC’s decision in light of our recent decision in Mlechick v. Mansfield, 503 F.3d 1340 (Fed.Cir.2007). The pertinent facts in Mlechick are essentially the same as those presented in this appeal. In Mlechick, the Board had relied on a combination of predecisional and postdecisional communications in reaching its determination that section 5103(a) had been satisfied. Id. at 1342-43. The veteran appealed to this court. The CAVC determined that the Board’s aggregation of predecisional and postdecisional communications was contrary to this court’s holding in Mayfield. Id. at 1343. The CAVC then refused to consider whether such error was prejudicial to the veteran, stating that it was not in a position to speculate as to whether any predecisional communications would satisfy section 5103(a) and remanded to the Board to make that decision in the first instance. Id. On appeal, this court held that the CAVC had abdicated its obligation pursuant to 38 U.S.C. § 7261(b)(2) to take due account of the rule of prejudicial error and committed legal error by refusing to review the record on appeal to decide whether any predecisional communications rendered the Board’s error harmless. Id. at 1345^16.
Wilkens asserts only that this court lacks jurisdiction to entertain this appeal. We disagree. Although generally this court declines to entertain appeals from remand orders of the CAVC, there is an exception when (1) there is a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings, or (c) if reversed by this court, would render the remand proceedings unnecessary; (2) resolution of the legal issues adversely affects the party seeking review; and (3) there is a substantial risk that the decision will not survive a remand. Williams v. Principi, 275 F.3d 1361, 1364 (Fed.Cir.2002).
We concluded in Mlechick that the CAVC’s remand order would satisfy the three criteria set forth in Williams. See Mlechick, 503 F.3d at 1344 (“[W]e are satisfied that the Williams criteria for ac *922 cepting jurisdiction over an appeal from a remand order are met here.”). Wilkens fails to distinguish this case from Mlechick. Therefore, we agree with the Secretary that the court has jurisdiction over this appeal and we vacate the CAVC decision and remand for further proceedings.
On remand, the CAVC must review the record on appeal to determine whether any predecisional communications gave Wilkens sufficient notice to provide him a meaningful opportunity to participate in the processing of his claim being mindful that the initial burden of proving prejudice is on the Secretary. See Sanders v. Nicholson, 487 F.3d 881, 889 (Fed.Cir.2007) (holding that any section 5103(a) notice error should be presumed prejudicial and the Secretary has the burden of rebutting this presumption).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to vacate and remand is granted.
(2) Each side shall bear its own costs.