NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7311

DONALD L. KOSHOCK,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Hugh D. Cox, of Greenville, North Carolina, argued for claimant-appellant.

Douglas K. Mickle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director. Of counsel on the brief was David J. Barrans, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7311

DONALD L. KOSHOCK,

Claimant-Appellant,

v.

JAMES B. PEAKE M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-1528, Judge Alan G. Lance, Sr.

_____

DECIDED: August 14, 2008

_____

Before LOURIE, RADER, and PROST, Circuit Judges.

LOURIE, Circuit Judge.

Donald L. Koshock appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board") that denied his claim for benefits due to the nature of his military discharge. Koshock v. Nicholson, No. 05-1528 (Vet. App. July 19, 2007). Because we lack jurisdiction over Koshock's appeal, we dismiss.

BACKGROUND

Koshock served on active duty in the United States Marine Corps from August 1965 to February 1968 at which time he received an "undesirable" discharge. In March 1995, a Department of Veterans Affairs ("DVA") regional office determined that the nature of Koshock's discharge made him ineligible for veterans benefits. In March 2000, Koshock sought to reopen his claim on the basis that his discharge was not dishonorable. In October 2000, the DVA regional office denied Koshock's claim and clarified that "undesirable" was considered "dishonorable" for purposes of receiving benefits. Further proceedings before the Board and the Veterans Court followed, but the matter was eventually remanded pursuant to a joint motion. The remand order from the Board to the regional office directed that notice pursuant to the Veterans Claims Assistance Act of 2000 ("VCAA"), Pub. L. No. 106-475, 114 Stat. 2096, be provided.

On June 21, 2004, the regional office sent Koshock and his counsel a letter explaining the status of his claim and the evidence needed to support that claim as well as other information in accordance with the VCAA requirements. The DVA then readjudicated Koshock's claim through a Supplemental Statement of the Case on November 10, 2004 and found him ineligible for veterans benefits. He appealed to the Board, and the Board found on April 20, 2005 that he was ineligible for benefits because of the nature of his discharge. He appealed the Board's decision to the Veterans Court, and the Veterans Court found on July 19, 2007 that he had failed to establish error in the Board's decision. The Veterans Court entered final judgment on August 13, 2007.

Koshock timely appealed to this court.

DISCUSSION

Koshock argues that the Veterans Court failed to apply the rule of prejudicial error in reviewing error in his VCAA notice. See 38 U.S.C. § 5103(a); 38 C.F.R. § 3.159(b); Sanders v. Nicholson, 487 F.3d 881, 885-86 (Fed. Cir. 2007). In his briefs to this court, Koshock argued that the Veterans Court had misapplied this court's decisions in Sanders and Simmons v. Nicholson, 487 F.3d 892 (Fed. Cir. 2007), but counsel for Koshock appeared to abandon that position at oral argument. Instead, counsel for Koshock relied entirely on this court's decision in Mlechick v. Mansfield, 503 F.3d 1340 (Fed. Cir. 2007), identified only in a Federal Rules of Appellate Procedure 28(j) letter filed the day before oral argument, as support for his position. At oral argument, counsel for the government argued that Koshock had misinterpreted Mlechick in the same way as he misinterpreted Sanders and Simmons by failing to understand that a finding of error in the notice was a necessary predicate to questions about application of the rule of prejudicial error.

In reviewing decisions of the Veterans Court, we are empowered to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Our review thus includes questions of law, which we review de novo. Bailey v. West, 160 F.3d 1360, 1362 (Fed. Cir. 1998) (en banc). However, except to the extent that an appeal presents a constitutional issue, we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2).

We agree with the government that we lack jurisdiction over Koshock's appeal. Before it is possible to determine if any error has prejudiced a claimant for veterans benefits, there must be an error in the DVA's VCAA notice to the claimant. The

Veterans Court specifically found no error in the DVA's notice to Koshock. Whether a communication from the DVA satisfied its notice obligation under the VCAA is a question of fact and thus outside the jurisdiction of this court. <u>Mayfield v. Nicholson</u>, 499 F.3d 1317, 1322 (Fed. Cir. 2007); 38 U.S.C. § 7292(d)(2). For that reason, we must <u>dismiss</u>.