Citation Nr: 1629297 
Decision Date: 07/22/16 Archive Date: 08/01/16

DOCKET NO. 12-29 551 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUES

1. Whether new and material evidence has been received sufficient to reopen a claim of entitlement to service connection for type II diabetes mellitus.

2. Entitlement to service connection for type II diabetes mellitus.

3. Whether new and material evidence has been received sufficient to reopen a claim of entitlement to service connection for nephropathy, to include as secondary to nonservice-connected type II diabetes mellitus.

4. Whether new and material evidence has been received sufficient to reopen a claim of entitlement to service connection for diabetic retinopathy, to include as secondary to nonservice-connected service-connected type II diabetes mellitus.

5. Entitlement to service connection for hypertension, to include as secondary to nonservice-connected type II diabetes mellitus.



REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife


ATTORNEY FOR THE BOARD

C. Wendell, Associate Counsel


INTRODUCTION

The Veteran served on active duty from August 1966 to April 1969.

This matter is before the Board of Veterans' Appeals (Board) on appeal from an May 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio. 

In any case involving a finally denied claim, the Board must address whether new and material evidence has been received to reopen before addressing the merits of the claim, regardless of whether or not the agency of original jurisdiction (AOJ) has already addressed the question. Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001); Wakeford v. Brown, 8 Vet. App. 237, 239-40 (1995).

The Veteran and his wife testified at a videoconference hearing before the undersigned Veterans Law Judge (VLJ) in March 2016. A transcript of the hearing is associated with the electronic claims file.

The Board has reviewed the electronic records maintained in both Virtual VA and the Veterans Benefits Management System (VBMS) to ensure consideration of the totality of the evidence.

The issues of entitlement to service connection for type II diabetes mellitus and hypertension as secondary to type II diabetes mellitus, and reopening of claims of service connection for nephropathy and diabetic retinopathy are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. A February 2003 rating decision denied service connection for type II diabetes mellitus. The Veteran was notified of his rights but did not appeal the denial or submit new and material evidence during the applicable one year appellate period.

2. The evidence associated with the claims file subsequent to the February 2003 rating decision is not cumulative and redundant of evidence previously of record.


CONCLUSIONS OF LAW

1. The February 2003 rating decision is final. 38 U.S.C.A. §§ 7104, 7105 (West 2002); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2003).

2. New and material evidence sufficient to reopen the claim of service connection for type II diabetes mellitus has been received. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a), (c) (2015).





REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Veterans Claims Assistance Act of 2000 (VCAA)

VA has a duty to provide notice and assistance with respect to the Veteran's claims. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015). However, in light of the fully favorable decision as to the issue of reopening the claim of service connection for type II diabetes mellitus herein, no further discussion of compliance the duty to notify and assist as to that issue is necessary. Mlechick v. Mansfield, 503 F.3d 1340 (Fed. Cir. 2007).

II. New and Material Evidence

Where a claim has been finally adjudicated, a claimant must present new and material evidence to reopen the previously denied claim. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156(a). New evidence is evidence not previously submitted to agency decision makers. 38 C.F.R. § 3.156(a). Material evidence is evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. Id. New and material evidence cannot be either cumulative or redundant of the evidence of record at the time of the last prior final denial and must raise a reasonable possibility of substantiating the claim. Id. 

For the purposes of reopening a claim, newly submitted evidence is generally presumed to be credible. Justus v. Principi, 3 Vet. App. 510, 513 (1992). New and material evidence is not required as to each previously unproven element of a claim in order to reopen. Shade v. Shinseki, 24 Vet. App. 110, 120 (2010). The mere offering of an alternative theory of entitlement does not constitute new and material evidence sufficient to reopen a claim. Roebuck v. Nicholson, 20 Vet. App. 307 (2006); Bingham v. Principi, 18 Vet. App. 470 (2004), aff'd 421 F.3d 1346 (Fed. Cir. 2005).

Here, the RO last denied service connection for type II diabetes mellitus in February 2003. The Veteran was notified of the decision, but did not file a notice of disagreement or submit new and material evidence as to that issue within the applicable one year period. Therefore, the February 2003 decision became final. 38 U.S.C.A. § 7105; 38 C.F.R. §§ 3.104, 20.302, 20.1103.

The evidence of record in February 2003 consisted of the Veteran's service treatment records, his lay statements, private treatment records, and a November 2002 VA medical examination. The evidence of record at the time failed to show a current diagnosis of type II diabetes mellitus. Evidence received since the rating decision includes additional statements from the Veteran, VA and private treatment records, and a February 2011 VA examination report. Of particular note are August 2005, June 2007, and February 2015 VA treatment records noting a diagnosis of type II diabetes mellitus.

The evidence provided by the Veteran is new and material as it related to a previously unestablished fact. Therefore, reopening of the claim for service connection for depression is warranted.


ORDER

The application to reopen the claim for service connection for type II diabetes mellitus is granted.


REMAND

The duty to assist also includes providing a medical examination or obtaining a medical opinion when necessary to make a decision on a claim. 38 C.F.R. § 3.159(c)(4). In this case, the Veteran was provided with a February 2011 VA examination. The examiner indicated that based on testing the Veteran had adult onset type I diabetes. However, since that examination a February 2015 VA treatment record reflects a diagnosis of type II diabetes mellitus. As the Veteran is claiming service connection based on herbicide exposure exclusively, the nature of his current diagnosis, whether type I or type II, is essentially outcome determinative in this case. As such, the Board must remand the claim for a new examination to clarify the Veteran's current diagnosis, specifically whether he currently has type I or type II diabetes.

The Veteran has claimed his nephropathy, retinopathy and hypertension as secondary to type II diabetes mellitus. As such, any determination as to whether the Veteran currently has type II diabetes mellitus that is related to his active service would materially affect a determination concerning these claims. Therefore, these claims are inextricably intertwined with the type II diabetes mellitus claim and must be remanded as well. Harris v. Derwinski, 1 Vet. App. 180 (1991)

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the electronic claims file all relevant VA treatment records, to include from Chillicothe VA Medical Center.

2. After undertaking the development listed above to the extent possible, schedule the Veteran for a VA examination to determine the nature and etiology of the Veteran's diabetes mellitus. The examiner should answer the following question:

Does the Veteran have type I or type II diabetes mellitus?

A detailed rationale for the opinion must be provided. All testing and the results thereof used to rule out a diagnosis of type I or type II diabetes should be provided.

Attention is invited to the February 2011 examination report providing a diagnosis of type I diabetes, adult onset, and a February 2015 VA treatment record diagnosing type II diabetes mellitus. 

The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as against it.

3. Thereafter, readjudicate the issues on appeal. If the determination remains unfavorable to the Veteran, he and his representative should be furnished a supplemental statement of the case. The Veteran and his representative should be afforded the applicable time period to respond.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs