# United States Court of Appeals for the Federal Circuit

2006-7092

PATRICIA D. SIMMONS,

Claimant-Appellee,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellant.

Richard R. James, of Glen Allen, Virginia, argued for claimant-appellee. Of counsel on the brief was Sean A. Ravin, of Washington, DC.

Martin F. Hockey, Jr., Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellant. With him on the brief was Peter D. Keisler, Assistant Attorney General. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martie S. Adelman, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

# United States Court of Appeals for the Federal Circuit

2006-7092

PATRICIA D. SIMMONS,

Claimant-Appellee,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellant.

_____

DECIDED:  May 16, 2007

_____

Before NEWMAN, MAYER, and PROST, <u>Circuit Judges</u>.

PROST, <u>Circuit Judge</u>.

The Secretary of Veterans Affairs appeals a decision by the United States Court of Appeals for Veterans Claims ("Veterans Court") that vacated and remanded a decision by the Board of Veterans' Appeals ("Board") denying Patricia D. Simmons's claim for service connection for hearing loss in her right ear and for an increased rating for hearing loss in her left ear.  <u>Simmons v. Nicholson</u>, No. 03-1731, 2005 WL 3312625 (Vet. App. Dec. 1, 2005).  Because the Veterans Court properly placed the burden on the Secretary to establish that an error in a notice the Department of Veterans Affairs ("VA") was required to give Ms. Simmons was not prejudicial, we affirm and remand for further proceedings.

## I. BACKGROUND

Ms. Simmons served in the United States Navy from December 1978 to April 1980. Upon her discharge in April 1980, she filed a claim with the VA for disability benefits for hearing loss in her left ear. In November 1980, the VA regional office ("VARO") determined that Ms. Simmons's in-service work environment had aggravated a pre-existing hearing impairment in her left ear, causing further hearing loss. The VARO concluded, however, that her degree of hearing loss did not warrant compensation under the applicable rating schedule.

In March 1998, Ms. Simmons asked the VARO to reopen her claim for disability compensation for her left-ear hearing loss and to amend her claim to include a request for compensation for hearing loss in her right ear. The VARO denied her claim in August 1998. On appeal, the Board remanded her claim back to the VARO, directing it to, among other things, comply with the notice requirements imposed by the newly-enacted Veterans Claims Assistance Act of 2000 ("VCAA"), 38 U.S.C. § 5103(a).[1]

Accordingly, on remand, the VARO sent Ms. Simmons a letter in March 2001 in an effort to comply with the VCAA notice requirements. Subsequently, the VARO denied Ms. Simmons's claim. The Board affirmed.

Ms. Simmons appealed to the Veterans Court, arguing, in part, that the VA failed to comply with the VCAA notice requirements. Specifically, Ms. Simmons contended that the VA's March 2001 letter failed to identify (1) the information or evidence needed

---

[1] The notice requirements of § 5103(a) are described in more detail below and in our opinion in <u>Sanders v. Nicholson</u>, No. 06-7001 (Fed. Cir. May 16, 2007). In essence, § 5103(a) requires the VA to notify claimants of the evidence needed to substantiate their claims.

to substantiate her claim for an increased rating, (2) which portion of the information and evidence, if any, was to be provided by Ms. Simmons, and (3) which portion, if any, the Secretary would attempt to obtain on her behalf.

The Veterans Court agreed with Ms. Simmons and remanded her claim for further proceedings. According to the Veterans Court, the VCAA required the VA to notify Ms. Simmons of the evidence needed to establish a claim for an increased disability rating. But instead of identifying the evidence needed for an increased-rating claim, the March 2001 notice letter erroneously stated that Ms. Simmons's claim required evidence to establish the three elements of service connection—elements that had already been established back in November 1980. Such an error, the court held, "constitute[d] a VA failure to 'provide a key element of what it takes to substantiate her claim, thereby precluding her from participating effectively in the processing of her claim, which would substantially defeat the purpose of section 5103(a) notice.'" Simmons, 2005 WL 3312625, at *7 (quoting Mayfield v. Nicholson, 19 Vet. App. 103, 122 (2005) ("Mayfield I"), rev'd on other grounds, 444 F.3d 1328 (Fed. Cir. 2006)). Because it held that this type of error had "the natural effect of producing prejudice," the court placed the burden on the VA to demonstrate that Ms. Simmons was not prejudiced by the defective notice letter. Id. And because the VA did not meet this burden, the court remanded Ms. Simmons's claim for further development and directed the VA to comply with the VCAA notice requirements.

The Secretary of the VA appeals to this court. We have jurisdiction under 38 U.S.C. § 7292. See Conway v. Principi, 353 F.3d 1369, 1373-74 (Fed. Cir. 2004).

## II. DISCUSSION

### A. Standard of Review

In reviewing a Veterans Court decision, this court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions" and set aside any regulation or interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1) (2006). We review questions of statutory interpretation de novo. Summer v. Gober, 225 F.3d 1293, 1295 (Fed. Cir. 2000). Except to the extent that an appeal presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

### B. Prejudicial Error Rule in the VCAA Context

This case requires us to interpret the meaning of "the rule of prejudicial error" as it applies to the notice requirements of the VCAA. Our opinion in Sanders v. Nicholson, No. 06-7001 (Fed. Cir. May 16, 2007), which is being issued concurrently with this opinion, resolves this issue. Accordingly, we will provide only a brief summary here.

The VCAA notice requirements are contained within 38 U.S.C. § 5103(a), which states:

> Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As

part of that notice, the Secretary shall indicate which portion of that information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary, in accordance with section 5103A of this title and any other applicable provisions of law, will attempt to obtain on behalf of the claimant.

The statutory notice requirement of § 5103(a) is implemented in 38 C.F.R. § 3.159(b)(1), which provides, in pertinent part:

When VA receives a complete or substantially complete application for benefits, it will notify the claimant of any information and medical or lay evidence that is necessary to substantiate the claim. VA will inform the claimant which information and evidence, if any, that the claimant is to provide to VA and which information and evidence, if any, that VA will attempt to obtain on behalf of the claimant. VA will also request that the claimant provide any evidence in the claimant's possession that pertains to the claim.

As we explain in Sanders,

the notice required by the VCAA can be divided into four separate elements: (1) notice of what information or evidence is necessary to substantiate the claim; (2) notice of what subset of the necessary information or evidence, if any, that the claimant is to provide; (3) notice of what subset of the necessary information or evidence, if any, that the VA will attempt to obtain; and (4) a general notification that the claimant may submit any other evidence he or she has in his or her possession that may be relevant to the claim. Errors with regard to these elements are referred to as first-element, second-element, third-element, and fourth-element notice errors, respectively.

Slip op. at 9.

In Conway v. Principi, 353 F.3d 1369, 1374 (Fed. Cir. 2004), this court held that the Veterans Court must review appeals alleging VCAA notice errors for prejudicial error. The basis for our holding in Conway was 38 U.S.C. § 7261(b)(2), which states that the Veterans Court shall "take due account of the rule of prejudicial error" when reviewing the record of proceedings before the Secretary and the Board of Veterans' Appeals. The court in Conway, however, did not express an opinion as to what it

means for the Veterans Court to "take due account" of the rule, nor did it define what constituted prejudicial error. Conway, 353 F.3d at 1375.

Subsequently, in Mayfield I, the Veterans Court took it upon itself to address how to apply the rule of prejudicial error in the context of the VCAA notice requirements. First, the court held that a claimant asserting a VCAA notice error bears the initial burden of establishing that a notice error has, indeed, been committed, by referring to specific deficiencies in the documents in the record on appeal, including any documents that may have been relied on as satisfying the notice requirements of § 5103(a). Mayfield I, 19 Vet. App. at 111.

Next, the court in Mayfield I held that "an error is prejudicial if it affects the 'substantial rights' of the parties in terms of 'the essential fairness of the [adjudication].'" Id. at 115 (quoting McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 553-54 (1984)). With respect to the first notice element—notice regarding the information and evidence necessary to substantiate the claim—the court held that the natural effect of an error would be to "preclud[e the claimant] from participating effectively in the processing of her claim, which would substantially defeat the very purpose of section 5103(a) notice." Id. at 122. Accordingly, the court concluded that a first-element notice error should be presumed prejudicial, and that the VA had the burden of demonstrating that the claimant was not prejudiced by the notice error. Id.

In this case, the Veterans Court applied the Mayfield I framework to Ms. Simmons's claim that the March 2001 letter did not comply with the notice requirements of the VCAA. First, the court determined that the March 2001 letter did not identify the information and evidence necessary to substantiate Ms. Simmons's claim—a first-

element notice error. Next, the court placed the burden on the Secretary to demonstrate that Ms. Simmons was not prejudiced by the defective notice. That is, the court required the Secretary to demonstrate that the purpose of the notice was not frustrated—for example, by demonstrating: (1) that any defect in notice was cured by actual knowledge on the part of Ms. Simmons, (2) that a reasonable person could be expected to understand from the notice provided what was needed, or (3) that a benefit could not possibly have been awarded as a matter of law. Because the VA did not meet this burden, the court remanded Ms. Simmons's claim for further development and directed the VA to comply with the VCAA notice requirements.

On appeal to this court, the Secretary does not take issue with the Veterans Court's determination that the March 2001 notice letter contained a first-element notice error. Instead, the Secretary argues that the Veterans Court misinterpreted the rule of prejudicial error when it presumed that the defective notice was prejudicial to Ms. Simmons and placed the burden on the VA to demonstrate otherwise. According to the Secretary, the Veterans Court should have placed the burden on Ms. Simmons to establish that she was prejudiced by the defective notice.

Our opinion in Sanders resolves this issue. As we stated in Sanders, once the veteran establishes that the VA has committed a VCAA notice error, the Veterans Court should presume that such error was prejudicial to the veteran. Sanders, slip op. at 18. The VA may rebut this presumption by establishing that the error was not prejudicial to the veteran. Id. Consequently, for the reasons set forth in Sanders, we reject the Secretary's argument and hold that the Veterans Court properly placed the burden on the Secretary to establish that the notice error was not prejudicial.

## III. CONCLUSION

The decision of the Veterans Court is affirmed. The case is remanded for further proceedings.

## COSTS

No costs.

<u>AFFIRMED AND REMANDED</u>