**Lisa M. ZEUGNER–MAYNARD, Claimant–Appellant,**

v.

**James B. PEAKE, M.D., Secretary of Veterans Affairs, Respondent–Cross Appellant.**

Nos. 2004–7181, 2004–7182.

United States Court of Appeals, Federal Circuit.

March 7, 2008.

Before PROST, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MOORE, Circuit Judge.

ON MOTION

PER CURIAM.

### ORDER

Lisa M. Zeugner–Maynard and the Secretary of Veterans Affairs jointly respond to the court's December 4, 2007 order and move to vacate the decision of the United States Court of Appeals for Veterans Claims in *Zeugner–Maynard v. Principi,* 01–1738, 2004 WL 1576399 (June 21, 2004) and remand for further proceedings.

This case was stayed pending the court's disposition in *Roan v. Principi,* 2004–7093, which was stayed pending the court's disposition in *Sanders v. Nicholson,* 487 F.3d 881 (Fed.Cir.2007), and its companion case *Simmons v. Nicholson,* 487 F.3d 892 (Fed. Cir.2007). Subsequently, this court issued its decision in *Sanders,* which held that the initial burden is on the Secretary to prove that any 38 U.S.C. § 5103(a) notice error was nonprejudicial. In *Sanders,* we fur-

ther stated that "the claimant bears the burden of demonstrating error in the VCAA [Veterans Claims Assistance Act] notice." *Id.* at 891.

The parties state that in this case, Zeugner–Maynard made an intentional decision not to raise the issue of whether a VCAA notice error had occurred. However, the parties argue that the Court of Appeals for Veterans Claims nevertheless determined that there had been a notice error. The parties assert that the Court of Appeals for Veterans Claims' decision is not consistent with our decision in *Sanders* and thus we should vacate and remand. The court agrees.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to vacate and remand is granted.

(2) Each side shall bear its own costs.