James L. WILLIAMS, Claimant–Cross–Appellant,

v.

James B. PEAKE, M.D., Secretary of Veterans Affairs, Respondent–Appellant.

No. 2005–7051, 2005–7059.

United States Court of Appeals, Federal Circuit.

March 11, 2008.

James L. Williams, pro se.

Before PROST, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MOORE, Circuit Judge.

ON MOTION

PER CURIAM.

### ORDER

The Secretary of Veterans Affairs responds to the court's November 19, 2007 order and moves to summarily affirm the judgment of the United States Court of Appeals for Veterans Claims (CAVC) in *Williams v. Principi,* 02–1046, 2004 WL 1737854 (Jul. 29, 2004) and dismiss James L. Williams's cross-appeal. Williams has not responded.

This case was stayed pending the court's disposition in *Sanders v. Nicholson,* 487 F.3d 881 (Fed.Cir.2007) and its companion case *Simmons v. Nicholson,* 487 F.3d 892 (Fed.Cir.2007). In *Sanders,* this court held that any 38 U.S.C. § 5103(a) error should be presumed prejudicial and the Secretary has the burden of rebutting this presumption. *Id.* at 891.

The Secretary concedes that the only issue raised in his appeal is identical to the issue decided in *Sanders* and *Simmons* and therefore summary affirmance is appropriate. The Secretary also asserts that Williams's cross-appeal should be dismissed. We agree. It is only necessary and appropriate to file a cross-appeal when a party seeks to enlarge its own rights under the judgment or lessen the rights of its adversary under the judgment. *Bailey v. Dart,* 292 F.3d 1360, 1362 (Fed.Cir.2002) (citing *United States v. Am. Ry. Express Co.,* 265 U.S. 425, 435, 44 S.Ct. 560, 68 L.Ed. 1087 (1924)). Here, in his brief, Williams only seeks to preserve the CAVC's judgment. Thus, his cross-appeal is not proper.

Accordingly,

IT IS ORDERED THAT:

(1) The judgment of the CAVC is summarily affirmed. The case is remanded for further proceedings.

(2) Williams's cross-appeal is dismissed.

(3) Each side shall bear its own costs.