is appropriate for summary disposition. We agree.

Section 5103(a) requires that the Secretary provide "affirmative notification to the claimant prior to the initial decision in the case as to the evidence that is needed and who shall be responsible for providing it." *Mayfield v. Nicholson,* 444 F.3d 1328, 1333 (Fed.Cir.2006). Whether the notice provided to a claimant satisfies the Secretary's obligations under section 5103(a) is a factual determination reviewed by the CAVC under the "clearly erroneous" standard and that factual determination is not reviewable by this court. *See Garrison,* 494 F.3d at 1370; *see also* 38 U.S.C. § 7292(d)(2) (limiting this court's jurisdiction over challenges to factual determinations).

Regarding Jordan's claims for entitlement to equipment and adaptive housing and his claim to reopen a previously denied service-connection claim for hypertension, the CAVC determined that the Secretary had failed to provide adequate notice regarding the evidence or information necessary to substantiate these claims. We are without jurisdiction to review these determinations. The CAVC further determined that the Secretary had failed to meet his burden of demonstrating that such errors were harmless. In doing so, the court properly placed the burden of demonstrating prejudicial error on the Secretary. *See Sanders,* 487 F.3d at 891, (holding that any 38 U.S.C. § 5103(a) error should be presumed prejudicial and the Secretary has the burden of rebutting this presumption). Therefore, we agree that summary affirmance of the court's judgment on these issues is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The judgment of the CAVC is summarily affirmed. The case is remanded for further proceedings.

(2) Each side shall bear its own costs.

Willie L. VARNER, Claimant–Appellee,

v.

James B. PEAKE, M.D., Secretary of Veterans Affairs, Respondent–Appellant.

No. 2007–7144.

United States Court of Appeals, Federal Circuit.

March 11, 2008.

Before PROST, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MOORE, Circuit Judge.

ON MOTION

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs responds to the court's November 20, 2007 order and requests that the judgment of the United States Court of Appeals for Veterans Claims (CAVC) in *Varner v. Nicholson,* 04–1819 be summarily affirmed. Willie L. Varner has not responded.

This case was stayed pending the court's disposition in *Sanders v. Nicholson,* 487 F.3d 881 (Fed.Cir.2007) and its companion case *Simmons v. Nicholson,* 487 F.3d 892 (Fed.Cir.2007). In *Sanders,* this court held that any 38 U.S.C. § 5103(a) error should be presumed prejudicial and the Secretary has the burden of rebutting this presumption. *Id.* at 891.

The Secretary concedes that the only issue raised in this appeal is identical to the issue decided in *Sanders* and *Simmons.* Under these circumstances, summary affirmance is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The judgment of the CAVC is summarily affirmed. The case is remanded for further proceedings.

(2) Each side shall bear its own costs.