BRYSON, Circuit Judge,
dissenting:
I respectfully dissent from the order vacating the judgment of the Court of Appeals for Veterans Claims and remanding the case to that court. I would, instead, grant the government’s motion for summary affirmance.
The panel states that “it is unclear .whether the Court of Appeals for Veterans Claims properly placed the burden of demonstrating lack of prejudice on the Secretary.” In fact, there is no lack of clarity in the court’s decision. After noting that the Board of Veterans’ Appeals had “failed to adequately discuss the requirement that VA must indicate which portion of any information or evidence necessary to substantiate the appellant’s claim is to be provided by each party,” the Veterans Court correctly explained that it must “take due account of the rule of prejudicial error.” The court then ruled that “because the facts averred by the appellant cannot satisfy the requirements of 38 U.S.C. § 1151, the Court concludes that any Board error must be considered nonprejudicial.” To make its point clear, the *321 court quoted the following language from its decision in Valiao v. Principi, 17 Vet. App. 229, 232 (2008): “Where the facts averred by a claimant cannot conceivably result in any disposition of the appeal other than affirmance of the Board decision, the ease should not be remanded for development that could not possibly change the outcome of the decision.”
The statute at issue in this case, 88 U.S.C. § 1151, provides for the payment of compensation to a veteran who has incurred an additional disability or aggravated an existing disability, as the result of DVA hospital care, medical or surgical treatment, examination, or vocational rehabilitation and not because of willful misconduct by the veteran. Mr. Claussen’s theory of recovery under section 1151 was that he met a DVA therapist while he was a patient at a DVA medical facility and later married her. He alleges that later, after he was no longer in the DVA facility, his wife gave him drugs that injured him. The Board ruled that those facts, even if true, did not give rise to a viable claim for benefits under section 1151. The Veterans Court agreed.
Under these circumstances, the court has essentially held that any procedural error by the Board is harmless because Mr. Claussen’s theory of recovery is foreclosed as a matter of law. This is therefore not a case in which it matters whether the burden with respect to the issue of harmlessness is on the claimant or on the DVA, and nothing in the Veterans Court’s opinion suggests that the allocation of the burden could have any effect on the outcome of this case.
For that reason, I expect that the Veterans Court will be puzzled about what it is supposed to do with this case on remand. In Sanders v. Nicholson, 487 F.3d 881, 889 (Fed.Cir.2007), this court held that VCAA notice errors should be presumed prejudicial unless, inter alia, it is clear “that a benefit could not have been awarded as a matter of law.” That is what the Veterans Court has already told us it has concluded in this case, ft is thus not at all clear what more this court expects the Veterans Court to do in order to comply with the rule of Sanders.
On the merits, I have reviewed the appellant’s brief and I agree with the government that the issues raised by appellant are amenable to summary affirmance. I would therefore grant the government’s request for summary affirmance in this case.