**Harry P. MILLER, Jr., Claimant–Cross Appellant,**

v.

**James B. PEAKE, M.D., Secretary of Veterans Affairs, Respondent–Appellant.**

Nos. 2005–7007, 2005–7012.

United States Court of Appeals, Federal Circuit.

June 3, 2008.

Before MAYER, SCHALL, and LINN, Circuit Judges.

## ON MOTION

PER CURIAM.

### ORDER

The Secretary of Veterans Affairs responds to the court's order and (1) requests that the court summarily affirm the judgment of the United States Court of Appeals for Veterans Claims in *Miller v. Principi,* No. 03–756, 2004 WL 1597878 (July 7, 2004) and (2) moves to dismiss Harry P. Miller, Jr.'s appeal, 2005–7012. Miller responds to the court's order.

The Board of Veterans' Appeals denied Miller's claims for service connection of paranoid schizophrenia, post-traumatic stress disorder, and depression. The Court of Appeals for Veterans Claims determined that the notice requirements of 38 U.S.C. § 5103(a) had not been met and that it could not conclude that the notice error was nonprejudicial. Thus, the Court of Appeals for Veterans Claims vacated the Board's decision and remanded the case to the Board. The Secretary and Miller each appealed.

This case was stayed pending the court's disposition in *Roan v. Principi,* 2004–7093, which was stayed pending the court's disposition in *Sanders v. Nicholson,* 487 F.3d 881 (Fed.Cir.2007), and its companion case *Simmons v. Nicholson,* 487 F.3d 892 (Fed. Cir.2007). In *Sanders,* this court held that any 38 U.S.C. § 5103(a) error should be presumed prejudicial and the Secretary has the burden of rebutting this presumption. *Id.* at 891.

The court agrees that summary affirmance of the judgment vacating and remanding to the Board is appropriate in light of our decisions in *Simmons* and *Sanders.* Further, because the only issue decided by the Court of Appeals for Veterans Claims, the section 5103(a) notice is-

sue, was decided in Miller's favor, Miller's appeal is dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) The stay of proceedings is lifted.

(2) The judgment of the Court of Appeals for Veterans Claims is summarily affirmed. The case is remanded.

(3) The Secretary's motion to dismiss appeal no. 2005–7012 is granted.

(4) Each side shall bear its own costs.