NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7254

WIJAHAT RIYAZ,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Hugh D. Cox, Jr., of Greenville, North Carolina, for claimant-appellant.

Allison Kidd Miller, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC for respondent-appellee. With her on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel were David J. Barrans, Deputy Assistant General Counsel, and Martin J. Sendek, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appeal from: United States Court of Appeals for Veterans Claims

# United States Court of Appeals for the Federal Circuit

2007-7254

WIJAHAT RIYAZ,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-1240, Chief Judge William P. Greene, Jr.

_____

DECIDED: October 8, 2008

_____

Before BRYSON, LINN, and PROST, Circuit Judges.

PER CURIAM.

Mr. Wijahat Riyaz appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision by the Board of Veterans' Appeals ("Board") denying Mr. Riyaz's claims for service connection for a left elbow condition and allergic dermatitis of the back. Riyaz v. Nicholson, No. 04-1240 (Vet. App. Mar. 30, 2007) (Table) ("Riyaz"). We dismiss Mr. Riyaz's appeal because he fails to raise any issue over which this court has jurisdiction.

BACKGROUND

Mr. Riyaz served as a dental lab specialist in the U.S. Air Force from March 1987 to December 1990. In July 2000, Mr. Riyaz filed a claim for compensation for a left-

elbow injury with the Department of Veterans Affairs ("VA") St. Louis Regional Office ("RO"), which was denied in September 2000. In October 2000, Mr. Riyaz sought to reopen this claim. Then, in November 2000, Mr. Riyaz complained that he suffered from allergies as a result of his work during active service. The RO construed this complaint as a claim for service connection of allergic dermatitis of the back.

In July 2001, Mr. Riyaz underwent a VA examination, conducted by a physician's assistant. The examiner diagnosed Mr. Riyaz with lateral epicondylitis and with allergic dermatitis of the back. Based on a review of Mr. Riyaz's claims file and the physical examination, the examiner opined that Mr. Riyaz's lateral epicondylitis was likely not related to an elbow injury sustained during service. The examiner also opined that Mr. Riyaz's allergic dermatitis was not related to in-service exposure to chemicals.

In September 2001, the RO denied service connection for lateral epicondylitis and allergic dermatitis of the back. In November 2001, Mr. Riyaz sought to reopen his claims, submitting private medical evidence which stated that it "seems reasonable" that his elbow injury was related to service. In April 2002, the RO sent Mr. Riyaz a notice letter informing him of the passage of the Veterans Claims Assistance Act of 2000 ("VCAA"), advising him of the information and evidence needed to substantiate his claims.

In May 2002, the RO denied Mr. Riyaz's claims. He appealed to the Board, which also denied his claims. Then, he appealed to the Veterans Court, asserting that the Board committed numerous errors. The Veterans Court rejected the assertions of error, and affirmed the Board's decision. This appeal followed.

DISCUSSION

Citing <u>Sanders v. Nicholson</u>, 487 F.3d 881 (Fed. Cir. 2007) and <u>Simmons v. Nicholson</u>, 487 F.3d 892 (Fed. Cir. 2007), Mr. Riyaz argues that the Veterans Court failed to apply the rule of prejudicial error in review of his VCAA notice. Mr. Riyaz attempts to frame the issue presented on appeal as a legal question by arguing that the Veterans Court "misinterpreted" 38 U.S.C. § 5103(a) by finding that nothing in § 5103(a) required the VA to indicate in Mr. Riyaz's VCAA notice that his VA examiner was a physician's assistant. The Veterans Court rejected Mr. Riyaz's notice arguments, however, determining that there was no error in the notice.

Mr. Riyaz's arguments based on <u>Sanders</u> and <u>Simmons</u> lack merit because a finding of error in the notice is a necessary predicate to our consideration of questions regarding the application of the rule of prejudicial error. Whether a particular notice letter satisfies the VA's notification obligations under the VCAA is a factual question outside of this court's jurisdiction under 38 U.S.C. § 7292(d)(2). <u>See</u> <u>Mayfield v. Nicholson</u>, 499 F.3d 1317, 1322 (Fed. Cir. 2007).

Moreover, we lack jurisdiction over any arguments concerning the Veterans Court's statements in the alternative that, even if there were a notice error here, any such error would not have been prejudicial because Mr. Riyaz had actual knowledge of the information and evidence necessary to establish service connection. The Veterans Court noted that "Mr. Riyaz acknowledges that VA informed him that he should submit medical evidence; indeed, he submitted medical evidence from his private physicians that was pertinent to each of his claims." <u>Riyaz</u>, slip op. at 5. Thus, a review of the

Veterans Court's alternative conclusion would involve applying the law to the facts of this particular case, which we are not permitted to do.  <u>See</u> 38 U.S.C. § 7292(d)(2).

## COSTS

Each party shall bear its own costs.