Citation Nr: 1722379 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 09-17 958 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to an increased rating for chronic plantar fasciitis with calcaneal spur of the right foot, currently evaluated as 10 percent disabling.


REPRESENTATION

Veteran represented by: Georgia Department of Veterans Services


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Elizabeth Jamison, Associate Counsel

INTRODUCTION

The Veteran served on active duty from August 1980 to December 1980 and from May 1982 to March 1991.

The claim comes before the Board of Veterans' Appeals (Board) on appeal from an August 2006 rating decision of the U.S. Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia, which continued the 10 percent disability rating in effect for the plantar fasciitis. The Veteran filed a Notice of Disagreement (NOD) in January 2007. The RO then issued another rating decision in June 2007, which continued the 10 percent rating. The Veteran submitted another NOD in June 2008. The RO issued a Statement of the Case (SOC) in April 2009. In May 2009, the Veteran filed a timely Substantive Appeal. 

In August 2014, the Veteran testified before the undersigned Veterans Law Judge (VLJ) during a videoconference hearing; a transcript of which is of record.

In November 2014 and May 2016, the Board remanded the claim to the agency of original jurisdiction for additional development. Supplemental SOCs in December 2015 and December 2016 continued the 10 percent disability rating for the right foot plantar fasciitis.

This appeal was processed using the Virtual VA (VVA) and Virtual Benefits Management System (VBMS) paperless claims processing systems.


FINDINGS OF FACT

1. For the period prior to August 19, 2015, the Veteran's service connected right foot plantar fasciitis most nearly approximated a moderate foot injury.

2. For the period beginning August 19, 2015, the Veteran's service connected right foot plantar fasciitis most nearly approximated a moderately severe foot injury.

CONCLUSIONS OF LAW

1. The criteria for an evaluation in excess of 10 percent for chronic plantar fasciitis with calcaneal spur of the right foot are not met for the period prior to August 19, 2015. 38 U.S.C.A. §§ 1155 (West 2014); 38 C.F.R. §§ 4.1-4.3, 4.6, 4.7, 4.40, 4.45, 4.59, 4.71a, Diagnostic Code 5284 (2016).

2. The criteria for an evaluation in excess of 20 percent, but no higher, for chronic plantar fasciitis with calcaneal spur of the right foot are met for the period beginning August 19, 2015. 38 U.S.C.A. §§ 1155 (West 2014); 38 C.F.R. §§ 4.1-4.3, 4.6, 4.7, 4.40, 4.45, 4.59, 4.71a, Diagnostic Code 5284 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. 
§§ 3.102, 3.156(a), 3.159, 3.326(a) (2016). 

Notice was provided in letters sent in March 2006 and May 2007. See also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). Additionally, the purpose behind the notice requirement has been satisfied because the Veteran has been afforded a meaningful opportunity to participate effectively in the processing of her claim, to include the opportunity to present pertinent evidence. Simmons v. Nicholson, 487 F.3d 892, 896 (Fed. Cir. 2007).

The record reflects that VA has made reasonable efforts to obtain or assist in obtaining the records relevant to the matter decided herein. The pertinent evidence associated with the claims consists of the service treatment records, post-service private and VA treatment records, and the Veteran's statements. Here, VA has adequately discharged its duty to locate records and afforded the Veteran notice and opportunity to submit any identified records that may be in her possession. The Veteran has not identified any outstanding relevant records that have not been requested or obtained. The Board therefore finds that VA has met its duty to assist in obtaining the relevant records. 

In so finding, the Board acknowledges that the May 2016 remand instructed the RO to obtain treatment records from the VA clinic in Lima, OH, based upon the Veteran's testimony during the August 2014 Board hearing. However, following the remand, the Veteran advised the RO that there were no such records, as she had never received treatment at the Lima clinic. Thus, the AOJ substantially completed the development ordered and adjudication may proceed. Stegall v. West, 11 Vet. App. 268, 271 (1998).

In summary, the duties imposed by the VCAA have been considered and satisfied. There is no additional notice that should be provided, nor is there any indication of further existing evidence to obtain or development required to create any additional evidence to be considered in connection with the claim. Thus, any error in the sequence of events or content of the notice is not shown to prejudice the Veteran or to have any effect on the appeal. Any such error is deemed harmless and does not preclude appellate consideration of the matter herein decided. See Mayfield v. Nicholson, 20 Vet. App. 539, 543 (2006) (rejecting the argument that the Board lacks authority to consider harmless error); see also ATD Corp. v. Lydall, Inc., 159 F.3d 534, 549 (Fed. Cir. 1998).

II. Increased Rating

The Veteran was assigned a 10 percent rating from September 17, 1997, for chronic right foot plantar fasciitis with calcaneal spur; a temporary 100 percent rating was assigned on May 24, 2002; a 10 percent rating was continued effective July 1, 2002. Her right foot plantar fasciitis is rated under 38 C.F.R. § 4.71a, Diagnostic Code 5284. Separate evaluations for right foot conditions are assigned under Diagnostic Code 5282 for post-operative hammertoe correction of the right foot fifth metatarsal and Diagnostic Code 7804 for recurrent heloma, dorsal, of the right fifth metatarsal, fifth digit.
Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (rating schedule), found in 38 C.F.R. Part 4. Disability ratings are intended to compensate impairment in earning capacity due to a service-connected disorder. 38 U.S.C.A. § 1155. Evaluation of a service-connected disorder requires a review of a veteran's entire medical history regarding that disorder. 38 C.F.R. §§ 4.1, 4.2; Schafrath v. Derwinski, 1 Vet. App. 589 (1991). When a reasonable doubt arises regarding the degree of disability, such doubt will be resolved in favor of the claimant. 38 C.F.R. § 4.3. If there is a question as to which evaluation to apply to a veteran's disability, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. 
§ 4.7.
 
When entitlement to compensation has already been established and an increase in the disability rating is at issue, the present level of disability is of primary concern. Francisco v. Brown, 7 Vet. App. 55 (1994). Nevertheless, in Hart v. Mansfield, 21 Vet. App. 505 (2007), the Court held that staged ratings are also appropriate for an increased rating claim that is not on appeal from the assignment of an initial rating when the factual findings show distinct time periods where the service-connected disability exhibited symptoms that would warrant different ratings.
 
VA regulations, set forth at 38 C.F.R. §§ 4.40, 4.45, and 4.59, provide for consideration of functional impairment due to pain on motion when evaluating the severity of a musculoskeletal disability. The Court has held that a higher rating can be based on "greater limitation of motion due to pain on use." DeLuca v. Brown, 8 Vet. App. 202, 206 (1995). Any such functional loss must be "supported by adequate pathology and evidenced by the visible behavior of the claimant." See 38 C.F.R. § 4.40.
 
Under Diagnostic Code 5284, moderate residuals of a foot injury warrant a 10 percent evaluation; moderately severe residuals warrant a 20 percent evaluation; and severe residuals warrant a 30 percent evaluation. 38 C.F.R. § 4.71a, Diagnostic Code 5284.
 
Words such as 'moderate,' 'moderately severe,' and 'severe' are not defined in the Rating Schedule. Rather than applying a mechanical formula, the Board must evaluate all of the evidence to the end that its decisions are equitable and just. 38 C.F.R. § 4.6. 

Factual background 

Turning to the evidence of record, the Veteran sought treatment from the VA for her right foot in June 2005. She described bilateral heel pain but stated that she did not have current pain in her right heel after receiving an injection in the month prior. Imaging of her right foot showed a prominent calcaneal plantar spur; plantar fasciitis was included in the impression, along with small posterior calcaneal spurs.

In August 2005, VA treatment records reflect that she was seen again for heel pain. The Veteran related that she did not have much pain in her heels at the time; she stated that the right was slightly worse than the left. She declined an injection due to heel inserts in her shoes which were helping reduce the pain. Upon physical examination, the doctor noted no pain with palpation of the heels. Plantar fasciitis was noted; the Veteran was instructed to wear wider shoes and continue stretching exercises. In December 2005, the Veteran was seen for follow up of her heel pain. She described pain in her right heel rated at 7 out of 10 and feeling pulling in the right foot. Pain was noted upon palpation of the right heel. 

In January 2006, the Veteran was seen again for heel pain. She stated that her heels were feeling much better; she rated the pain at 1 out of 10. No pain was noted with palpation of the heel. The assessment stated that the plantar fasciitis was asymptomatic at the time of the appointment. 

In early May 2006, VA treatment records documented the Veteran's report that her right heel pain had increased since the previous visit. She stated that she continued to wear heel cushions and power step inserts with little relief. At the Veteran's request, she received an injection to reduce the pain. Surgery was also discussed to address the plantar fasciitis. Later in May 2006, the Veteran reported that the injection had helped; no pain was present in the right heel. She presented for the appointment in dress shoes. The plantar fasciitis was again noted as asymptomatic. 

In April 2007, the Veteran underwent surgery on her right foot for conditions unrelated to her plantar fasciitis. The surgical procedures included partial condylectomy fifth metatarsal head, right foot proximal interphalangeal joint arthroplasty fifth toe right foot, and middle phalangectomy fifth toe right foot; all to correct residual hammertoe deformity and tailor a bunion of the right foot.

In June 2007, the Veteran underwent VA examination in conjunction with her claim. She reported constant pain rated at 10 out of 10. The Veteran stated that injections, medication, and icing provided temporary relief. She described pain, stiffness, and swelling upon walking. She denied weakness and fatigue. The examiner noted that the Veteran required crutches for ambulation due to the April 2007 surgery. Examination of the right foot revealed painful motion and tenderness. No limitation with standing or walking was noted by the examiner. Orthopedic shoes and arch support provided no relief for the symptoms, based upon the Veteran's report. X-rays showed abnormal findings, including confirmation of a plantar calcaneal spur. The examiner noted no change in the previous diagnosis of plantar fasciitis based upon subjective complaints of pain worsening with activity and objective evidence of tenderness in the feet upon examination, along with radiography showing bilateral calcaneal spurs. 

The Veteran underwent further VA examination in December 2007 in conjunction with her other foot conditions. The examiner noted the plantar calcaneal spur. Examination of the right foot did not reveal disturbed circulation or atrophy of the musculature. No limitation of standing or walking was noted. 

In April 2008, VA treatment records show that the Veteran received extracorporeal shockwave therapy (ESWT) and a lidocaine injection for her right heel. She reported pain at 8 out of 10. In May 2008, she reported occasional pain, but overall improvement since the previous treatment. She presented in wedge sandals without any foot complaints. In June 2008, she presented with a complaint of right foot swelling. The doctor noted she walked normally without a limp; he assessed a resolved episode of plantar fasciitis. In December 2008, VA treatment records noted that right foot pain was resolved with ESWT.

In August 2009, continued conservative therapies (ice, stretching, anti-inflammatories) were recommended for treatment of the plantar fasciitis. 

In May 2010, the Veteran underwent VA examination in conjunction with a claim for aid and attendance. The examiner noted that she ambulated using a cane. In regard to her right foot, the Veteran described constant pain from the 5th toe to the bottom of her foot to the heel, rated at 10 out of 10. She stated the pain was exacerbated by physical activity and relieved by cortisone injection. At rest, she had pain, weakness, and fatigue. She reported functional impairment precluding prolonged running, walking, or standing. Examination of the right foot did not reveal painful motion, edema, disturbed circulation, weakness, atrophy, heat, redness, or instability. Palpation of the plantar surface of the right foot revealed slight tenderness. The examiner reported that the Veteran was able to stand for 15 to 30 minutes and was able to self-feed, use a toilet, bathe, and dress. She had no difficulty with weight bearing, balancing, or ambulation upon examination. The examiner found no functional restrictions due to the lower extremities. Ultimately, the examiner concluded there was no change to the right foot plantar fasciitis diagnosis, which was deemed active at the time of examination.

During the August 2014 Board hearing, the Veteran testified that a higher disability rating was warranted. She described her inability to wear any shoes except sneakers. Even when completing the prescribed exercises and using the orthotic inserts, she stated that the pain continued. She also stated she was unable to stand for long periods of time. The Veteran described swelling and pain due to plantar fasciitis. 

In May 2015, VA podiatry clinic records reflect that the Veteran was seen for calluses on both feet. At the time, she denied any other foot complaints. 

In August 2015, the Veteran underwent further VA examination in conjunction with her plantar fasciitis claim. She reported increased pain with rainy weather, in the mornings, and with extended weight-bearing. Occasional swelling was noted. The Veteran did not report any current medications for her foot pain. She relayed that she was currently employed and had missed work in the previous 12 months due to her plantar fasciitis symptoms, but could not recall how many days. She reported flare-ups causing difficulty walking. Functional impairment was described by the Veteran; she stated she sometimes had to stop to rest her foot and was unable to run. She also stated that she had to wear sneakers and could not wear any leather shoes. Pain upon use and manipulation of the right foot was documented; no swelling was evident upon examination. The examiner indicated the presence of extreme tenderness of the right plantar surface and noted that the pain contributed to functional loss. Pain on weight-bearing, interference with standing, and lack of endurance were marked as contributing factors of the disability. The examiner was unable to estimate the loss of function due to flare-ups without resorting to mere speculation. The examiner noted that while the Veteran had undergone 3 surgical procedures to the right foot, none were secondary to her plantar fasciitis with
calcaneal spur.

Analysis

After thorough consideration of the above evidence, the Board finds that the above-cited evidence supports the assignment of staged ratings of 10 percent for the period prior to August 19, 2015 and 20 percent thereafter. 

Moderate plantar fasciitis prior to August 19, 2015

In August 2005, the Veteran reported that she did not have much pain in her heels at the time; upon physical examination, the doctor noted no pain with palpation of the heels. In January 2006, the plantar fasciitis was described as asymptomatic by her treatment provider. In June 2007, examination of the right foot revealed painful motion and tenderness; however, this was several months post-surgery for her unrelated foot conditions. In June 2008, treatment records noted she walked normally without a limp; a resolved episode of plantar fasciitis was assessed. In May 2010, palpation of the plantar surface of the right foot revealed slight tenderness. She had no difficulty with weight bearing, balancing, or ambulation upon examination. The examiner found no functional restrictions due to the lower extremities.

During this period, the Veteran did report pain at various levels, including a severe rating of 10 out of 10 in June 2007. However, the objective medical evidence reflects that the pain was intermittent in nature. While she reported pain and decreased activities due to plantar fasciitis, the objective medical evidence, such as the May 2010 VA examination, reflected mild tenderness and no difficulty with weight bearing, balancing, or ambulation. Furthermore, the Veteran repeatedly reported decreased pain, as well as satisfaction with treatment including injections, ESWT, and orthotic inserts. In May 2015, she denied any foot complaints other than calluses. 

The Board has considered the lay statements of the Veteran, as to the impact on her ability to function, including her pain. However, the criteria for foot injuries specifically encompass pain. The evidence demonstrates that the 10 percent schedular rating appropriately addresses the moderate status of the right foot plantar fasciitis, including limitation due to flare-ups, during the relevant period.

The Veteran is competent to provide evidence about her disability; for example, she is competent to describe her foot pain and symptoms related to the plantar fasciitis. See Layno v. Brown, 6 Vet. App. 465, 469 (1994). She is also credible to the extent that she sincerely believes she is entitled to a higher rating. However, she is not competent to identify a specific level of disability according to the appropriate diagnostic code. Competent evidence concerning the nature and extent of the Veteran's disability was provided by the VA examiners who interviewed and evaluated her during the relevant period. The medical findings as provided in the examination reports directly address the criteria under which this disability is evaluated. Treatment records also provide competent and credible evidence of the severity of the Veteran's plantar fasciitis. Thus, the competent lay evidence is outweighed by the competent medical evidence that evaluates the true extent of her disability. 

In sum, the overall disability picture demonstrated by the evidence for the period prior to August 19, 2015 reflects a moderate foot injury consistent with the currently assigned 10 percent disability rating. In reaching the above conclusions, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim for a rating in excess of 10 percent prior to August 19, 2015, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. §§ 3.102, 4.3; Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

Moderately severe plantar fasciitis beginning August 19, 2015

In August 2015, the Veteran underwent further VA examination in conjunction with her plantar fasciitis claim. She reported flare-ups causing difficulty walking. Pain upon use and manipulation of the right foot was documented. The examiner indicated the presence of extreme tenderness of the right plantar surface and noted that the pain contributed to functional loss. Pain on weight-bearing, interference with standing, and lack of endurance were marked as contributing factors of the disability. The examiner was unable to estimate the loss of function due to flare-ups without resorting to mere speculation. 

Taking all factors into consideration with application of the approximating principles of 38 C.F.R. § 4.7 and the benefit-of-the-doubt doctrine, the Board finds that the Veteran's plantar fasciitis most nearly approximated a moderately severe foot injury at the time of the VA examination in August 2015. Thus, an increased rating of 20 percent, but no higher, is warranted effective August 19, 2015.

With respect to a rating in excess of 20 percent, the Board finds that the evidence does not demonstrate a severe foot injury during any period on appeal. As discussed above, the Veteran's pain has been intermittent in nature and her plantar fasciitis has been deemed asymptomatic at multiple times during the relevant period. At the August 2015 VA examination, the Veteran reported increased pain with rainy weather, in the mornings, and with extended weight-bearing. Occasional swelling was also noted. The evidence demonstrates that the 20 percent schedular rating appropriately addresses this moderately severe status of the right foot plantar fasciitis, including limitation due to flare-ups.

In so finding, the Board notes that the Veteran is competent to report her symptoms related to right foot pain and symptoms. See Layno, 6 Vet. App. at 469. She is also credible in her sincere belief that she is entitled to a higher rating. However, her competent and credible lay evidence is outweighed by competent and credible medical evidence that evaluates the true extent of the foot impairment based on objective data coupled with the lay complaints. In this regard, the Board notes that the VA examiners have the training and expertise necessary to administer the appropriate tests for a determination of the type and degree of the impairment associated with the Veteran's complaints. For these reasons, greater evidentiary weight is placed on the examination findings in regard to the type and degree of impairment. 

In sum, the Veteran is entitled to an increased evaluation of 20 percent, but no higher, effective August 19, 2015.

Other Considerations

In reaching the above conclusions, the Board has considered whether a disability rating is warranted based on any other applicable Diagnostic Code. There is no Diagnostic Code directly applicable to plantar fasciitis. The Veteran's right plantar fasciitis has been rated by analogy (as indicated by the designation 5299-5284), under 38 C.F.R. § 4.71a, Diagnostic Code 5284, which pertains to "other injuries of the foot." See 38 C.F.R. §§ 4.20, 4.27 (2016). The Board finds that no other Diagnostic Code would be more appropriate for the symptoms associated with her plantar fasciitis as demonstrated by the evidence above. 

The Board has also considered whether the Veteran is entitled to an increased level of compensation for right foot plantar fasciitis on an extraschedular basis. Ordinarily, the Rating Schedule will apply unless there are exceptional or unusual factors which would render application of the schedule impractical. See Fisher v. Principi, 4 Vet. App. 57, 60 (1993). An extraschedular disability rating is warranted based upon a finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization that would render impractical the application of the regular schedular standards. See Fanning v. Brown, 4 Vet. App. 225, 229 (1993); 38 C.F.R. § 3.321(b)(1) (2016). To accord justice in an exceptional case where the schedular standards are found to be inadequate, the field station is authorized to refer the case to the Chief Benefits Director or the Director, Compensation and Pension Service for assignment of an extraschedular evaluation commensurate with the average earning capacity impairment. 38 C.F.R. 
§ 3.321(b)(1).

In Thun v. Peake, 22 Vet. App. 111, 115-16 (2008), the Court set forth a three-step inquiry for determining whether a veteran is entitled to an extraschedular rating. First, the Board must determine whether a veteran's disability picture is contemplated by the rating schedule. If so, the rating schedule is adequate and an extraschedular referral is not necessary. If, however, a veteran's disability level and symptomatology are not contemplated by the rating schedule, the Board must turn to the second inquiry, that is whether a veteran's exceptional disability picture exhibits other related factors such as those provided by the regulation as "governing norms." These include marked interference with employment and frequent periods of hospitalization. Third, if the first and second steps are met, then the case must be referred to the VA Under Secretary for Benefits or the Director of the Compensation and Pension Service to determine whether, to accord justice, a veteran's disability picture requires the assignment of an extraschedular rating.

With respect to the first prong of Thun, the Veteran reported pain and swelling of her right foot, resulting in trouble standing and walking. The pain and swelling are not unusual or exceptional symptoms; the rating schedule adequately contemplates her disability picture. Accordingly, the evidence does not show that the requisite factors under Thun are present, and referral of the claim for extraschedular consideration pursuant to 38 C.F.R. 3.321(b)(1) is not warranted in this case.

In Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014), the Federal Circuit held that 38 C.F.R. § 3.321 also required consideration of whether a Veteran is entitled to referral to the Director, Compensation Service, for consideration of the assignment of an extraschedular rating based on the impact of collective service-connected disabilities. See also 38 C.F.R. § 3.321(b)(1). In this regard, in Yancy v. McDonald, 27 Vet. App. 484, 495 (2016) the Court rejected the contention that "[e]xtraschedular referral is always raised by the record when a veteran has multiple service-connected disabilities [and that the Federal Circuit's decision in] Johnson does not make such a categorical holding." It was stated that "the Board is required to address whether referral for extraschedular consideration is warranted for a veteran's disabilities on a collective basis only when that issue is argued [] or reasonably raised by the record through evidence of the collective impact of [] service connection disabilities." Yancy, 27 Vet. App. at 495. This issue is not raised. 

Finally, in Rice v. Shinseki, 22 Vet. App. 447 (2009), the Court held that a claim for a higher evaluation also includes a claim for a TDIU when a veteran submits evidence of a medical disability, makes a claim for the highest rating possible, and provides evidence of unemployability. In the present case, such consideration is unwarranted as the Veteran has not claimed an inability to work nor is there evidence of unemployability. See 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. 
§§ 20.200 (2016); Locklear v. Shinseki, 24 Vet. App. 311 (2011). While the Veteran has submitted evidence of financial hardship following knee surgery and the passing of her mother, the most recent evidence received in July 2016 reflects her continued employment. 

(CONTINUED ON NEXT PAGE)









ORDER

Entitlement to a rating in excess of 10 percent for the period prior to August 19, 2015 for chronic plantar fasciitis with calcaneal spur of the right foot is denied.

Entitlement to a 20 percent rating, but no higher, for the period beginning August 19, 2015 for chronic plantar fasciitis with calcaneal spur of the right foot is granted, subject to the law and regulations governing the award of monetary benefits.



____________________________________________
TANYA SMITH
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs